IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ALEXIS GUERRERO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No.:** |
| OLLIE'S BARGAIN OUTLET, INC., | ) **(State Court Matter No.: C-22-CV-22-000228)** |
| Defendant. | ) ) |

## DEFENDANT OLLIE'S BARGAIN OUTLET, INC.'S NOTICE OF REMOVAL

Defendant, Ollie's Bargain Outlet, Inc. ("Ollie's"), by and through its undersigned counsel, hereby notes the removal of this civil action to the U.S. District Court for the District of Maryland, Baltimore Division, from the Circuit Court for Wicomico County, Maryland, which is identified as State Court Civil Case No. CV-22-CV-22-000228. Ollie's removes this civil action pursuant to 28 U.S.C.A. §§ 1332, 1441, 1446 and Local Rule 103.5 of this Court. In support of this Notice of Removal, Ollie's states as follows:

### Background

1.  On or about June 30, 2022, Plaintiff Alexis Guerrero filed this case against Ollie's alleging counts of Negligent Hiring and Retention and Negligent Supervision in the Circuit Court for Wicomico County, styled as *Alexis Guerrero v. Ollie's Bargain Outlet, Inc.*, Case No. C-22-CV-22-000228. A copy of Plaintiff's Complaint and accompanying service package is attached hereto as **Exhibit 1**.

2.  In this lawsuit, Plaintiff alleges that he suffered mental and emotional injuries while shopping at the Ollie's located in Salisbury, Maryland on June 6, 2020, when an Ollie's employee purportedly threatened Plaintiff with a knife and used racial slurs against Plaintiff.

3. According to the Complaint, Plaintiff alleges that Ollie's negligently supervised the employee, which permitted the purported threat to occur (Count I). Additionally, Plaintiff claims that Ollie's negligently retained the employee who carried out the alleged threat despite Ollie's purportedly knowing the employee was dangerous and prone to violence (Count II).

4. Ollie's was served with a Writ of Summons, Complaint, Entry of Appearance, Civil Case Information Report, and Election of Jury Trial on or about July 18, 2022. *See* **Ex. 1.**

5. This Notice of Removal is timely pursuant to 28 U.S.C.A. § 1446(b)(1) because it has been filed within thirty (30) days of Plaintiff's service of his initial pleading upon Ollie's.

## Removal Is Lawful Based on Diversity Jurisdiction

6. Plaintiff is a citizen of the state of Maryland and resides in Maryland. **Ex. 1**, at 1.

7. Although Ollie's is licensed to do business in Maryland, Ollie's is a Pennsylvania corporation with its principal place of business located in Harrisburg, Pennsylvania.

8. For purposes of diversity citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C.A. § 1332(c)(1).

9. Therefore, pursuant to 28 U.S.C.A. § 1332(a), complete diversity jurisdiction exists because Ollie's is the only named Defendant and is not a citizen of the state of Maryland.

10. Plaintiff has alleged an amount in controversy for this matter in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs. *See* **Ex. 1** at 7-8.

11. As a result, this Court can properly exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## Removal Procedure

12. A Notice of Filing for Removal to Federal Court is being filed with the Circuit Court for Wicomico County, Maryland contemporaneously herewith. A copy of that Notice is attached as **Exhibit 2**.

13. To date, other than the Complaint and associated documents contained in Exhibit 1, no other papers have been filed in the state court action in Wicomico County, Maryland.

14. As such, no copies of additional process, pleadings, papers, or order are attached pursuant to 28 U.S.C. § 1446(a) and Local Rule 103.5(a).

15. Furthermore, pursuant to Local Rule 103.5(a), within 30 days after the filing of this Notice of Removal, Ollie's shall file true and legible copies of all other papers, if any, then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the U.S. District Court for the District of Maryland.

16. In accordance with 28 U.S.C. § 1446(d), Ollie's has filed contemporaneously with this filing a copy of this Notice of Removal in the Circuit Court for Wicomico County,  has electronically served Plaintiff with a copy of this Notice of Removal in accordance with the electronic service procedure for lawsuits in the Circuit Court for Wicomico County, and has served all parties with a copy of the Notice of Removal by First Class Mail, postage prepaid.

17. By filing this Notice of Removal, Ollie's does not waive any defenses that may be available to it.

WHEREFORE, based upon the foregoing allegations in this Notice of Removal, Defendant, Ollie's Bargain Outlet, Inc., asserts that this action is properly removable and respectfully requests that this Court retain jurisdiction over the same.

Dated:  August 16, 2022                                       Respectfully submitted,

*/s/ Timothy M. Hurley*
Timothy M. Hurley (Bar No. 28281)
Emmit F. Kellar (Bar No. 20734)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
(443) 392-9415 (Telephone)
(443) 392-9499 (Fax)
Tim.Hurley@nelsonmullins.com
Emmit.Kellar@nelsonmullins.com

*Attorneys for Ollie's Bargain Outlet, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2022, a copy of the foregoing Defendant Ollie's Bargain Outlet Inc.'s Notice of Removal was sent via electronic mail and the Court's ECF filing system to all parties and/or their counsel as follows:

Robin R. Cockey, Esq.
Ashley A. Bosche, Esq.
Cockey, Brennan, & Maloney, P.C.
313 Lemmon Hill Lane
Salisbury, MD 21801
rrcesq@cbmlawfirm.com
bosche@cbmlawfirm.com
*Attorneys for Plaintiff*


*/s/ Timothy M. Hurley*
Timothy M. Hurley