IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXIS GUERRERO, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-22-2063 |
| OLLIE'S BARGAIN OUTLET, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Alexis Guerrero filed this lawsuit against Defendant Ollie's Bargain Outlet, Inc. ("Ollie's"), asserting claims of negligent retention and negligent supervision arising out of an incident involving an Ollie's employee. Ollie's has filed a motion to dismiss the Complaint, ECF 11. The issues have been fully briefed, ECF 13, 16, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Ollie's motion will be denied, but this case will be stayed pending resolution of the appeal currently before the United States Court of Appeals for the Fourth Circuit in *Guerrero v. Ollie's Bargain Outlet, Inc.,* No. 22-1402.

**I.    BACKGROUND**

The following facts are derived from the Complaint. ECF 4. Guerrero alleges that while he and his sister shopped at an Ollie's store on June 6, 2020, an employee, Richard Murray, threatened them with a large Bowie knife and shouted racial slurs. *Id.* ¶¶ 1, 7-14. Guerrero reported the incident to a cashier, who stated, "I know exactly who you're talking about, he is not supposed to have that knife." *Id.* ¶¶ 16-17. Another Ollie's employee, Martha Wynhman, told

Guerrero that Murray "had been told not to use or bring that knife to work, but did it anyway." *Id.* ¶ 28.

Guerrero originally sued Ollie's in this Court on August 4, 2021, asserting both a federal claim pursuant to 42 U.S.C. § 1981 and two state law claims for negligent supervision and retention. *See Guerrero v. Ollie's Bargain Outlet, Inc.*, No. RDB-21-1960, ECF 1 at 1. United States District Judge Richard D. Bennett dismissed the § 1981 claim with prejudice and declined to exercise supplemental jurisdiction over the related state law claims.[1] *Id.*, ECF 12. Guerrero appealed Judge Bennett's decision and also filed a new case re-asserting his state law claims in Maryland state court. Ollie's removed the new case back to this Court in the instant proceeding. ECF 1. Guerrero's appeal of Judge Bennett's ruling remains pending.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

---

[1] In filing the case before Judge Bennett, Guerrero only relied upon federal question jurisdiction, *see Guerrero*, No. RDB-21-1960, ECF 1 ¶ 1, although it appears the parties are diverse.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### III.  ANALYSIS

Guerrero asserts state law claims of negligent supervision and negligent retention against Ollie's. ECF 4 ¶¶ 34-42. Initially, Ollie's asserts—and Guerrero does not contest—that those two claims should be consolidated into a single claim of "negligent retention and supervision," because the elements of the two claims are identical. *See* ECF 11-1 at 6-7; ECF 13. Both require, inter alia, that the employer "knew or should have known by the exercise of diligence and reasonable care that the [employee] was capable of inflicting harm of some type." *Jordan v. W. Distrib. Co.*, 135 F. App'x 582, 589 (4th Cir. 2005) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996)); *see also Doe v. Cmty. Coll. of Baltimore County*, Civ. No. ELH-21-180, 2022 WL 971079, at *19 (D. Md. Mar. 30, 2022) (addressing two counts based on alleged negligent hiring, training, supervision, and retention as a single count because they were "rooted in the same factual allegations and theory of liability"). Accordingly, the Court will treat

Guerrero's separate claims for negligent supervision and negligent retention as a single claim for the purposes of this action.

Construing all the factual allegations in the Complaint in the light most favorable to Guerrero, as this Court must in evaluating a motion to dismiss, he has stated a plausible claim for negligent supervision and retention. The fact that multiple Ollie's employees knew that Murray had brought the large Bowie knife to work before and was not supposed to have it, ECF 4 at ¶¶ 17, 28, suggests that Ollie's had actual or constructive knowledge that its workplace was unsafe when Murray possessed the knife. *See Jordan*, 135 F. App'x at 589 ("In [negligent supervision and retention] cases involving the intentional torts of employees, the critical standard is 'whether the employer knew or should have known that the individual was potentially dangerous.'" (quoting *Evans v. Morsell*, 395 A.2d 480, 483 (Md. 1978)). Guerrero is entitled to discovery to flesh out what prior incidents led to the knife's prohibition from the store.

Ollie's alternatively suggests that Guerrero's suit should be dismissed because his negligent supervision and retention claim is not predicated on an actionable, common law tort. ECF 11-1 at 10-11. This Court disagrees. The parties concur that Guerrero's negligent supervision and retention claim must be "based on actions that constitute a common law violation, not a federal statutory violation." *Doe*, 2022 WL 971079, at *20 (internal quotation marks omitted). While Plaintiff has not asserted a separate claim for assault, the actions Plaintiff alleges Murray took readily amount to assault under Maryland law. *See Miles v. DaVita Rx, LLC*, 962 F. Supp. 2d 825, 834 (D. Md. 2013) (defining assault as an "attempt to cause harmful or offensive contact with another or to cause an apprehension of such contact" (internal quotation marks omitted)).

The operative questions, then, are: (1) does it matter that Guerrero did not sue Murray for assault?; and (2) does it matter that the statute of limitations for a possible assault claim expired

5

before Guerrero sued Ollie's?  This Court concludes that the answers to both questions are "no." Neither party cites to a similar case from any court.  In the two cases relied on by Ollie's in its initial brief, *Young v. Hous. Auth. of Baltimore City,* Civ. No. MJG-17-713, 2017 WL 5257127, at *12 (D. Md. Nov. 13, 2017) and *Parker v. Ciena Corp.,* Civ. No. WDQ-14-4036, 2016 WL 153035, at *7 (D. Md. Jan. 12, 2016), the plaintiffs' negligent supervision and retention claims were dismissed after the courts concluded that the plaintiff had not adequately stated a claim for *any* underlying Maryland common law tort.  Here, the allegations in the Complaint suffice to adequately state a claim for common law assault.  It would make no sense to impose as a condition of a negligent supervision and retention claim that the plaintiff actually bring the underlying tort claim against an employee, because there are any number of reasons a plaintiff may choose not to expend time or resources seeking a judgment against, for example, an indigent defendant.  The fact that Guerrero's Complaint alleges conduct amounting to a common law tort committed by an Ollie's employee suffices to provide a premise for a negligent supervision and retention claim, whether or not the claim against the employee is actually asserted in the litigation.

Similarly, no Maryland case holds that the typical three-year statute of limitations for negligent supervision and retention changes when, as here, the underlying tort is subject to a one-year statute of limitations.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101 (three-year statute of limitations for civil actions "unless another provision of the Code provides a different period of time"); *id*. § 5–105 (one-year limitations period for assault claims).  Ollie's attempts to stretch the bounds of *Nammack v. Hampstead Pre-Owned,* Civ. No. DKC-19-1798, 2020 WL 1033589 (D. Md. Mar. 3, 2020), to suggest that it ruled that a negligent supervision and retention claim could not be premised on "the unviable claim of assault that was dismissed due to the expiration of the statute of limitations."  ECF 16 at 8.  But *Nammack* did not go that far.  Instead, the *Nammack*

Court relied on the fact that its plaintiff's battery claim remained in the case as the predicate tort for alleging negligent supervision and retention. 2020 WL 1033589, at *6. It therefore did not have to reach the issue of whether the time-barred assault claim could also serve as a predicate.

In this Court's view, Ollie's alleged negligent conduct is subject to a three-year statute of limitations. And the Complaint adequately alleges that Ollie's negligently failed to prevent its employee from assaulting its customer by brandishing a large knife. The statute of limitations for assault, therefore, is immaterial, because that is not the cause of action being asserted against Ollie's. The negligence claim against Ollie's is timely and there is no basis to dismiss it.

For the above reasons, this Court will deny Ollie's motion to dismiss the state law negligent supervision and retention claim. Because Guerrero has appealed Judge Bennett's decision dismissing his federal claim, though, this Court will not permit discovery to commence in this case until that matter is resolved. In the interest of judicial efficiency and good case management, this Court will stay this proceeding pending resolution of Guerrero's Fourth Circuit appeal. Guerrero will be ordered to advise this Court promptly once the appeal is resolved, and at that point this Court will set a discovery schedule in this case if Judge Bennett's dismissal is affirmed, or consolidate the two cases if his decision is reversed.

## IV.   CONCLUSION

For the reasons set forth above, Ollie's motion to dismiss, ECF 11, is denied and this case will be stayed pending resolution of the related appeal in the Fourth Circuit. A separate Order follows.

Dated: September 28, 2022                         /s/
                                        Stephanie A. Gallagher
                                        United States District Judge